**AFFIDAVIT**

I, Adam Lucia, being duly sworn, depose and state as follows:

1. I am certified by the Vermont Criminal Justice Training Council as a full time Police Officer and have been so certified since November 2012. I am currently employed full-time with the Rutland City Police Department (RPD) as a Sergeant and I am currently assigned to the Patrol Divisions Street Crime Unit. During my career, I have been involved in numerous cases which resulted in the arrests for possession and sale of regulated drugs. From my training and experience, I am familiar with the appearance of cocaine base and the manner that it is typically packaged for sale.

2. I set forth the following as probable cause to believe that Naquan H. Brown knowingly possessed a firearm, after having been previously convicted of a felony offense, a violation of Title 18, United States Code, Section 922(g)(1). In addition, Brown possessed with intent to distribute, Cocaine Base, a Schedule II Controlled Substance, a violation of Title 21 United States Code, Section 841(a).

3. This affidavit is based upon my training and experience and the investigation of other law enforcement officers. More specifically, I know the information contained within this affidavit from conversations about this investigation with members of the Rutland Police Department (RPD), Vermont State Police (VSP), Federal Bureau of Investigation (FBI), and Bureau of Alcohol Tobacco Firearms and Explosives (ATF). Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact learned by law enforcement during the course of the investigation. Where I describe a statement, it is described in substance, not verbatim.

**RPD Search Warrant**

4.      On January 27, 2020, members of the RPD Street Crimes Unit (SCU) conducted a controlled purchase of suspected cocaine base from 86 Strongs Ave, Apt 2 in Rutland, VT utilizing a CI. After completing the controlled purchase, I applied for, and was granted a State of Vermont search warrant for that location. A copy of my affidavit in support of the application for that search warrant is attached hereto as Exhibit 1, and incorporated by reference. The contents remain true and correct.

5.      Upon executing the search warrant on January 28, 2020, investigators located Brown and four other individuals in the residence. Upon searching the residence, law enforcement located a DPMS A-15 .223 caliber AR-style rifle, a Taurus G2c 9mm semi-automatic pistol, ammunition, a black scale, and plastic baggies. On Brown's person, officers located a key fob for a Ford automobile. During the investigation, I developed information that Brown had reportedly hidden cocaine base on his person in the moments before law enforcement entered the apartment. Brown refused consent for a further search of his person after being asked about possible drugs on his person.

6.      Brown was then detained and taken to RPD where he was placed in a holding area. While in the holding area, Brown requested to use the bathroom at RPD which was granted. While being detained, Brown advised RPD Cpl. Elias Anderson that he had recently used "ecstasy" and stated he need to go to the hospital because he was experiencing issues with his heart rate. Brown was then transported to the Rutland Regional Medical Center for evaluation.

7.      While at the hospital, I applied for and was granted a State of Vermont search warrant for Brown's person to search his body for the suspected cocaine base. I was unable to locate any cocaine base in Brown's person.

8.      I later returned to RPD with FBI Task Force Officer (TFO) Jeffrey Stephenson, who assisted me with a search of the holding area where Brown had been detained. In addition, I searched the bathroom that Brown had used. In the bathroom, I located a plastic baggie containing many small off-white rock-like substances which, based on my training and experience, I suspected to be cocaine base. No other detained individuals used the bathroom from the time Brown was in-custody at RPD and had used the bathroom. A presumptive field-test of the substance later resulted in the positive identification of the presence of cocaine base in the substance. The cocaine base was found to weigh approximately 5.0 grams

## Vehicle Search

9.      While conducting the search warrant at 86 Strongs Ave, Apt 2 in Rutland, VT, I took the Ford key fob located on Brown's person to the parking area, and pressed a button on the fob. I then observed a gray Ford Fusion, bearing NY Tag JNB 7338, flash its lights. The vehicle was then secured and transported to RPD for further investigation.

10.     With the vehicle secured at RPD, FBI TFO Stephenson, Cpl. Eric Morgano, and I conducted a search of the vehicle and located several documents with the name "Naquan Brown." In addition, under the front passenger seat was a Taurus PT111 G2 9mm semi-automatic pistol bearing serial number TKX46532 loaded with 9mm ammunition. The firearm was made safe and secured at RPD.

## Interstate Nexus Determination

11. On January 28, 2020, I spoke with ATF Special Agent (SA) Eric Brimo. SA Brimo advised he reviewed the firearm, a Taurus PT111 G2 9mm semi-automatic pistol bearing serial number TKX46532, and provided the information about the firearm to SA Joseph Davis, an ATF designated interstate nexus expert, who reviewed the firearm information. SA Davis advised that the Taurus PT111 G2 9mm semi-automatic pistol bearing serial number TKX46532 was manufactured outside the State of Vermont, and by its presence in Vermont, must have travelled from elsewhere out of state, impacting interstate commerce. SA Brimo then relayed that information to me.

### Review of Criminal History

12. On January 27, 2020, I reviewed Brown's criminal history record in the National Crime Information Center (NCIC) database. Brown was queried by his full name, date of birth, and FBI identification number by the RPD dispatch. I reviewed this information obtained by RPD dispatch, and found that Brown is a previously convicted felon having a State of New York felony conviction for Criminal Sale Controlled Substance – 5th Degree, dated July 9, 2013 from Kings County Superior Court, court case number 09492-2012. Criminal Sale of a Controlled Substance – 5th Degree is a class D felony, which is punishable by a term of imprisonment up to 7 years. Brown received a sentence of 5 years of probation. The NCIC record reveals that Brown was supervised pursuant to that sentence from July 9, 2013 to July 13, 2016. Because of this felony conviction, Brown is prohibited from possessing, purchasing or owning firearms or ammunition.

### Conclusion

13. Based on the information set forth above, I believe there is probable cause that, Naquan Brown, unlawfully possessed a firearm after being prohibited from doing so due to

being a previously convicted felon, a violation of Title 18, United States Code, Section 922(g)(1) and possession with intent to distribute Cocaine Base, a Schedule II Controlled Substance, a violation of Title 21 United States Code, Section 841(a).

Dated at Rutland in the District of Vermont, this 28th day of January 2020.

                                              Adam Lucia
                                              Sgt. Rutland Police Department

Sworn to and subscribed before me this 28 day of January 2020.

                                              GEOFFREY W. CRAWFORD
                                              Chief United States District Judge